No. 22-1898

# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

_____

MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company; MSPA CLAIMS 1 LLC, a Florida limited liability company; SERIES PMPI, a designated series of MAO-MSO Recovery II, LLC, a Delaware series limited liability company,

Plaintiffs-Appellants,

v.

CARING VOICE COALITION, INC.,

Defendant-Appellee,

_____

**On Appeal from the United States District Court for the District of Massachusetts**

_____

**BRIEF OF PLAINTIFFS-APPELLANTS**

_____

Hayden E. Pendergrass
AKEEL & VALENTINE, PLC
888 West Big Beaver Road, Ste. 420
Troy, Michigan 48084-4736
(248) 269-9595
hayden@akeelvalentine.com

Aida M. Landa
John Cleary
MSP RECOVERY LAW FIRM
2701 S. LeJeune Rd., 10th Floor
Coral Gables, Florida 33134
(305) 614-2222
alanda@msprecoverylawfirm.com
jcleary@msprecoverylawfirm.com

_Counsel for Plaintiffs-Appellants_

## <u>DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Appellants MSP Recovery Claims, Series LLC; MSPA Claims 1 LLC; and Series PMPI, a designated series of MAO-MSO Recovery II, LLC, submit the following Corporate Disclosure Statements:

MSP Recovery Claims, Series LLC, a Delaware series limited liability company, states that VRM MSP Recovery Partners, LLC, a Delaware limited liability company, is the sole member of MSP Recovery Claims, Series LLC. The members of VRM MSP Recovery Partners, LLC are (i) Virage Recovery Master LP, a Delaware limited partnership and (ii) Series MRCS, a designated series of MDA, Series LLC, a Delaware series limited liability company. There is no publicly held corporation that owns 10% or more of the stock of any of the entities listed above.

MSPA Claims 1, LLC, a Florida limited liability company, states that MSP Recovery Services, LLC, is the sole member of MSPA Claims 1, LLC. The sole member of MSP Recovery Services, LLC is MSP Recovery, LLC, a Florida limited liability company. MSP Recovery, LLC's parent company is Lionheart II Holdings, LLC. Lionheart II Holdings, LLC's parent company is MSP Recovery, Inc., a publicly traded Delaware corporation, which owns 10% or more of the membership interest of Lionheart II Holdings, LLC.

Series PMPI, a designated series of MAO-MSO Recovery II, LLC, a Delaware series limited liability company, states that the members of MAO-MSO

Recovery II, LLC, Series PMPI are (i) MSP Recovery, LLC, a Florida limited liability company and (ii) RD Legal Finance, LLC, a Delaware limited liability company. MSP Recovery, LLC's parent company is Lionheart II Holdings, LLC. Lionheart II Holdings, LLC's parent company is MSP Recovery, Inc., a publicly traded Delaware corporation, which owns 10% or more of the membership interest of Lionheart II Holdings, LLC. Except as stated above, there is no publicly held corporation that owns 10% or more of the stock of the entities listed above.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................v

STATEMENT REGARDING ORAL ARGUMENT ........................... vii

STATEMENT OF JURISDICTION....................................................1

STATEMENT OF THE ISSUES......................................................1

STATEMENT OF THE CASE.........................................................2

SUMMARY OF THE ARGUMENT ....................................................7

STANDARD OF REVIEW .............................................................8

ARGUMENT ...........................................................................9

   I.   THE DISTRICT COURT'S JUNE 21, 2022, ORDER WAS INSUFFICIENT FOR MEANINGFUL APPELLATE REVIEW ....................................9

   II.  ALTERNATIVELY, THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING THE MSP PLAINTIFFS' RENEWED MOTION TO REOPEN ACTION AND TRANSFER CASE ..............................13

   III. ALTERNATIVELY, THE DISTRICT COURT'S OCTOBER 17, 2022, ORDER WAS INSUFFICIENT FOR MEANINGFUL APPELLATE REVIEW OR, OTHERWISE, WAS AN ABUSE OF DISCRETION ................................17

CONCLUSION ........................................................................19

ADDENDUM

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Home Assurance Co. v. Insular Underwriters Corp.*,
   494 F.2d 317 (1st Cir. 1974) ................................................................ 10

*Cotter v. Mass. Ass'n of Minority Law Enf't Officers*,
   219 F.3d 31 (1st Cir. 2000) .......................................................... 10, 13

*D & M Jupiter, Inc. v. Friedopfer*,
   853 So.2d 485 (Fla. Dist. Ct. App. 2003) ........................................ 15

*Dankese v. Def. Logistics Agency*,
   693 F.2d 13 (1st Cir. 1982) .......................................................... 14, 16

*F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico*,
   449 F.3d 185 (1st Cir. 2006) ............................................................. 12

*Fid. & Guar. Ins. Co. v. Star Equip. Corp.*,
   541 F.3d 1 (1st Cir. 2008) ............................................................ 14, 16

*Gall v. United States*,
   552 U.S. 38 (2007) ............................................................................ 10

*Giroux v. Fed. Nat. Mortg. Ass'n*,
   810 F.3d 103 (1st Cir. 2016) ............................................................... 9

*Grossman v. Berman*,
   241 F.3d 65 (1st Cir. 2001) ............................................................... 10

*In re R & R Assocs. of Hampton*,
   402 F.3d 257 (1st Cir. 2005) ............................................................. 10

*Katz v. Belveron Real Est. Partners, LLC*,
   28 F.4th 300 (1st Cir. 2022) .............................................................. 14

*Kinan v. Cohen*,
   268 F.3d 27 (1st Cir. 2001) ................................................................. 9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .......................................................................... 12

*KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC*,
   578 F. Supp. 3d 101 (D. Mass. 2021) ............................................... 17

*Malave v. Carney Hosp.*,
   170 F.3d 217 (1st Cir. 1999) ......................................................... 14, 16

*Negrón-Almeda v. Santiago*,
   528 F.3d 15 (1st Cir. 2008) ............................................... 9, 16, 17, 19

*Ojeda-Toro v. Rivera-*,
   853 F.2d 25 (1st Cir. 1988) ................................................................. 9

*Output, Inc. v. Danka Bus. Sys., Inc.*,
   991 So.2d 941 (Fla. Dist. Ct. App. 2008) ........................................ 15

*Siemens Gamesa Renewable Energy A/S v. General Electric Co.*,
   2022 WL 1625001 (D. Mass. 2022) ................................... 17
*Suarez-Torres v. Panaderia Y Reposteria España, Inc.*,
   988 F.3d 542 (1st Cir. 2021) ......................................... 9
*Supermercados Econo, Inc. v. Integrand Assurance Co.*,
   375 F.3d 1 (1st Cir. 2004) ........................................... 10
*United States v. Doe*,
   513 F.2d 709 (1st Cir. 1975) ........................................ 10
*United States v. Philip Morris USA, Inc.*,
   793 F. Supp. 2d 164 (D.D.C. 2011) .................................. 17
*United States v. Podolsky*,
   158 F.3d 12 (1st Cir.1998) .......................................... 10
*United States v. Zhong H. Chen*,
   815 F.3d 72 (1st Cir. 2016) .......................... 10, 12, 13, 18
*Wennik v. Polygram Grp. Distrib'n, Inc.*,
   304 F.3d 123 (1st Cir. 2002) ........................................ 10
*Wilson v. HSBC Mortgage Servs., Inc.*,
   744 F.3d 1 (1st Cir. 2014) ......................................... 14, 15

Statutes

28 U.S.C. § 1291 ......................................................... 1
28 U.S.C. § 1331 ......................................................... 1
28 U.S.C. § 1332(a), (d) ................................................. 1
28 U.S.C. § 1368 ......................................................... 1

Rules

Fed. R. Civ. P. 60(b) ................................................... 18

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiffs-Appellants respectfully do not request oral argument.

## STATEMENT OF JURISDICTION

Jurisdiction in the district court was based on federal question jurisdiction under 28 U.S.C. § 1331, subject matter jurisdiction under 28 U.S.C. § 1332(a), (d), and supplemental jurisdiction under 28 U.S.C. § 1368. The basis of this Court's jurisdiction is 28 U.S.C. § 1291. On June 21, 2022, the district court denied Plaintiffs-Appellants' Renewed Motion to Reopen Action and Transfer Case. On July 5, 2022, Plaintiffs-Appellants filed a Motion for Clarification and a Motion for Relief under Fed. R. Civ. P. 60(b), which the district court denied on October 16, 2022. A timely notice of appeal was filed in the district court on November 16, 2022.

## STATEMENT OF THE ISSUES

1.    Whether the district court's electronic, text-only order denying Plaintiffs-Appellants' Renewed Motion to Reopen Action and Transfer Case was sufficient to enable meaningful appellate review.

2.    Alternatively, whether the district court abused its discretion when it denied Plaintiffs-Appellants' Renewed Motion to Reopen Action and Transfer Case.

3.    Alternatively, whether the district court's electronic, text-only order denying Plaintiffs-Appellants' Motion for Clarification and a Motion for Relief under Fed. R. Civ. P. 60(b) was sufficient to enable meaningful appellate review or, otherwise, was an abuse of discretion.

1

**STATEMENT OF THE CASE**

On July 27, 2020, Plaintiffs-Appellants MSP Recovery Claims, Series LLC; MSPA Claims 1, LLC; and Series PMPI, a designated series of MAO-MSO Recovery II, LLC, (collectively, "MSP Plaintiffs") filed a class action complaint, alleging that a purported charity, Defendant-Appellee Caring Voice Coalition ("CVC"), conspired with drug manufacturer United Therapeutics Corporation ("UT") to illegally subsidize the copayments of Medicare beneficiaries. (*See* Doc. 1). The MSP Plaintiffs alleged that this conduct enabled UT and CVC to manipulate drug prices for their benefit in violation of federal and Florida RICO statutes and the unfair business practice laws of several states. (*See id*.).

On December 29, 2020, UT moved to transfer venue to the U.S. District Court for the Southern District of Florida. (*See* Doc. 25). On March 8, 2021, CVC's counsel moved to withdraw, which the district court granted. (*See* Docs. 51, 54). The district court then granted UT's motion, ordering the transfer of this case "to the United States District Court for the Southern District of Florida as to defendant United Therapeutics Corporation only," leaving CVC, as it was not represented by counsel at the time, as the sole defendant in this case.[1] (Doc. 57 at 1).

On May 3, 2021, CVC obtained counsel. (*See* Doc. 59). CVC then filed an answer to the complaint. (*See* Docs. 62).

---

[1] The action against UT is ongoing. (*See* CM/ECF for. S.D. Fla., No. 21-cv-21317).

To resolve this case without further litigation, the MSP Plaintiffs and CVC entered into a confidential settlement agreement on December 23, 2021. (*See* Doc. 64 at 2). The settlement agreement provided that, within thirty days, CVC would perform as agreed and that, within thirty days of CVC's compliance, the MSP Plaintiffs would voluntarily dismiss their claims against CVC. (*See id*.). The MSP Plaintiffs notified the district court of the settlement agreement and requested a stay, agreed upon by the MSP Plaintiffs and CVC, in the case pending final satisfaction of the settlement terms, which included, among other things, the production of certain documents by CVC to the MSP Plaintiffs. (*See id*.). Rather than stay the case, on January 18, 2022, the district court issued a settlement order of dismissal and *sua sponte* ordered "that this action is hereby dismissed without costs and without prejudice to the right of any party, upon good cause shown, to reopen the action within sixty (60) days if settlement is not consummated." (Doc. 66 at 1).

On March 10, 2022, one day before the deadline, CVC took steps towards compliance with the settlement. (*See* Doc. 68 at 2). To give the MSP Plaintiffs time to assess the adequacy of CVC's compliance with the settlement agreement, the MSP Plaintiffs moved to reopen the case or, alternatively, to extend the deadline to reopen. (*See id*.). The district court extended the deadline by 60 days. (*See* Doc. 69).

When the MSP Plaintiffs determined that CVC failed to substantially comply with the settlement agreement, on May 18, 2022, the MSP Plaintiffs moved to reopen

the case or, alternatively, to extend the deadline to reopen to enable the parties to negotiate further in good faith. (*See* Doc. 70 at 2–3). The next day, the district court extended the deadline by an additional 30 days. (*See* Doc. 71).

On June 17, 2022, the MSP Plaintiffs filed a Renewed Motion to Reopen Action and Transfer Case. (*See* Doc. 72). The MSP Plaintiffs contended that the settlement agreement was void because certain documents that CVC produced showed that CVC misrepresented material facts on which the MSP Plaintiffs relied in agreeing to the settlement. (*Id*. at 3). Specifically, CVC represented that, as a defunct 501(c)(3) entity with depleted assets, "no transfer of cash or assets were effectuated that caused the funds to be depleted, and that no transfers of cash or assets were effectuated after the termination of operations." (*Id*.). However, documents produced by CVC reveal that over $10 million was transferred from CVC to the Patient Access Network Foundation ("PAN")[2] in a "Gift Agreement" dated August 14, 2020, after the filing of this lawsuit. (*Id*.). Additional asset transfer agreements were found that granted CVC assets—including approximately $4 million in cash, unidentified investment assets, and valuable personal property—

---

[2] PAN is a named party in a similar ongoing action against another drug manufacturers and another purported copayment assistance charity. (*See* CM/ECF for D.N.J., No. 2:21-cv-20451, Doc. 71).

to the Adira Foundation ("Adira"), formerly known as Facilitating Patient Help ("FPH").[3] (*See id.*).

Notably, public information searches identified former CVC President and CEO Greg Smiley and former CVC Chairman James Rock as the founders of Adira/FPH, with Smiley named CEO.[4] Smiley and Rock signed on behalf of CVC for the Gift Agreement to PAN and the other asset transfer agreements to Adira/FPH. (*See id.*). Smiley also signed a Records Transfer Agreement between Adira and CVC on behalf of both Adira and CVC. (*See id.*). Thus, Smiley, as the signatory of the settlement agreement, knew, or should have known, that the representations made by CVC in the settlement agreement were false. (*See id.* at 3–4).

The MSP Plaintiffs alternatively contended that CVC breached the terms of the settlement agreement, as records discussed by counsel and contemplated by the agreement were not produced. (*See id.* at 4). The documents produced by CVC

---

[3] Adira is a named party, as CVC's successor in liability, in several similar ongoing actions against other drug manufacturers. (*See* CM/ECF for. S.D. Fla., No. 21-cv-21317, Doc. 178; CM/ECF for E.D. Va., No. 3:22-cv-422, Doc. 1; CM/ECF for N.D. Cal., No. 3:22-cv-07604, Doc. 1). In the face of such litigation, Adira, like CVC before it, has begun the process of dissolution to avoid liability, which the plaintiffs in at least one action have sought to enjoin. (*See* CM/ECF for E.D. Va., No. 3:22-cv-422, Docs. 66, 74, 75).

[4] These public records are accessible online. *See* Virginia State Corporation Commission Clerk's Information System, *Entity Information: Adira Foundation*, https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=250975 (last visited Jan. 23, 2022); (*see also* CM/ECF for N.D. Cal., No. 3:22-cv-07604, Doc. 1-24 at 41–47, 55–60, 70–72).

showed that the records sought and identified by the settlement agreement were in fact transferred to Adira. (*See id*.). Specifically, the Records Transfer Agreement required Adira to retain the records for 10 years and reserved a right for CVC to access said records. (*See id*.). Pursuant to the settlement agreement, the MSP Plaintiffs informed CVC of deficiencies in production, but to date, CVC has failed to produce such records. (*See id*.). Additionally, the MSP Plaintiffs requested that the case against CVC be transferred to the U.S. District Court for the Southern District of Florida now that CVC was represented by counsel. (*See id*. at 5).

Four days later, in an electronic, text-only order, the district court denied the motion, stating the following: "This case appears to be a contract case. If any party claims jurisdiction in this court, they may file the proper complaint." (Doc. 73).

On July 5, 2022, the MSP Plaintiffs filed a Motion for Clarification and a Motion for Relief under Fed. R. Civ. P. 60(b), contending that the district court's June 21, 2022, order was inconsistent with its January 18, 2022, order. (*See* Doc. 74 at 5). The MSP Plaintiffs contend that they had established good cause to reopen the action as settlement agreement was "void *ab initio*" and thus was "not consummated" due to CVC's misrepresentations (*Id*. at 5–6). CVC, represented by counsel and despite its representations that it was a defunct organization, opposed the motion. (*See* Doc. 75).

On October 17, 2022, in an electronic order, the district court summarily denied the Motion for Clarification and a Motion for Relief under Fed. R. Civ. P. 60(b) without explanation. (*See* Doc. 76). The MSP Plaintiffs filed a notice of appeal on November 16, 2022. (*See* Doc. 77).

## SUMMARY OF THE ARGUMENT

As an initial matter, the district court's June 21, 2022, electronic, text-only order was insufficient to enable this Court to engage in meaningful appellate review. The district court failed to articulate any explanation for its denial that was responsive to the MSP Plaintiffs' Renewed Motion to Reopen Action and Transfer Case, which set forth two alternative bases to show good cause for reopening as well as a basis for transferring the case upon reopening. The district court's order addresses none of these, and there is nothing in the record to infer why the district court denied the motion. Accordingly, the district court's inscrutable order precludes meaningful appellate review by this Court, as it is unclear on which basis the district court denied the motion. On this basis alone, this Court should vacate the district court's order and remand for further proceedings.

Alternatively, even if the district court's order was sufficient for meaningful appellate review, the district court abused its discretion in denying the MSP Plaintiffs' Renewed Motion to Reopen Action and Transfer Case. The district court's observation that this action appears to be a contract case wholly neglects its own

January 10, 2022, settlement order of dismissal, which provided that the MSP Plaintiffs, upon good cause shown, could seek to reopen the action if settlement was not consummated, (Doc. 71). Thus, the district court failed to consider in any way whether the MSP Plaintiffs had shown good cause to reopen, despite their contention that the settlement agreement was not consummated. Moreover, the district court failed to consider whether reopening was warranted under its inherent authority to supervise and enforce the settlement agreement, despite the MSP Plaintiffs' alternative contention that CVC breached the settlement agreement. Because the district court's order constitutes an abuse of discretion, this Court should vacate the district court's order and remand for further proceedings.

Even if this Court determines the district court did not abuse its discretion in its June 21, 2022, order, the district court's October 17, 2022, order denying the MSP Plaintiff's Motion for Clarification and a Motion for Relief under Rule 60(b) by itself is insufficient for meaningful appellate review, as the district court summarily denied the motion without any explanation whatsoever. Alternatively, the district court's order was an abuse of discretion as it failed to consider any factors, even those raised by the parties, in its denial.

## **STANDARD OF REVIEW**

This Court reviews a district court's denial of a motion to reopen under an abuse of discretion standard. *See Suarez-Torres v. Panaderia Y Reposteria España,*

*Inc.*, 988 F.3d 542, 555 (1st Cir. 2021) (citing *Kinan v. Cohen*, 268 F.3d 27, 32 (1st Cir. 2001). This Court reviews a district court's decision to grant or deny relief under Rule 60(b) for an abuse of discretion. *See Giroux v. Fed. Nat. Mortg. Ass'n*, 810 F.3d 103, 106 (1st Cir. 2016) (citing *Ojeda-Toro v. Rivera-Méndez*, 853 F.2d 25, 28 (1st Cir. 1988)). The abuse-of-discretion standard is not "a rubber stamp, counseling affirmance of every discretionary decision made by a trial court." *Negrón-Almeda v. Santiago*, 528 F.3d 15, 21 (1st Cir. 2008). A district court abuses its discretion "if it fails to consider a significant factor in the decisional calculus, if it relies on an improper factor in working that calculus, or if it considers all the appropriate factors but makes a serious error in judgment as to their relative weight." *Id*. at 21–22 (citation omitted).

## **ARGUMENT**

## I.    **THE DISTRICT COURT'S JUNE 21, 2022, ORDER WAS INSUFFICIENT FOR MEANINGFUL APPELLATE REVIEW**

As an initial matter, the district court's June 21, 2022, order was insufficient to enable this Court to engage in meaningful appellate review under an abuse-of-discretion standard. The district court's inscrutable order precludes meaningful appellate review by this Court, as it is unclear on which basis the district court denied the MSP Plaintiffs' Motion to Reopen Action and Transfer Case.

Abuse-of-discretion review "necessarily entails consideration of the reasons underlying" the district court's decision. *Am. Home Assurance Co. v. Insular*

*Underwriters Corp.*, 494 F.2d 317, 320 (1st Cir. 1974). If an appellate court were to invent reasons post hoc to justify a trial court's exercise of discretion, it would "substitute [its] own judgment for that of the trial court," which it cannot do. *Id*. Accordingly, for meaningful appellate review of a discretionary decision to be possible, "the district court's findings or reasons" must either be stated or, at minimum, be "reasonably infer[able]" from the record. *Cotter v. Mass. Ass'n of Minority Law Enf't Officers*, 219 F.3d 31, 34 (1st Cir. 2000).

Accordingly, this Court has advised that "district courts 'should take reasonable steps to ensure that the parties and the appellate courts will be able to glimpse the foundation on which their rulings rest,' and that in some cases, 'such statements are a necessary precondition to intelligent appellate review.'" *United States v. Zhong H. Chen*, 815 F.3d 72, 82 (1st Cir. 2016) (quoting *Grossman v. Berman,* 241 F.3d 65, 68 (1st Cir. 2001)). "When 'faced with the task of reviewing an inscrutable order,' this Court may either 'remand for a fuller exposition or act, without remanding, if a reasonable basis supporting the order is made manifest on the record.'" *Id*. (quoting *United States v. Podolsky,* 158 F.3d 12, 16 (1st Cir.1998)).[5]

---

[5] Cases that illustrate this general principle are manifold, arising across disparate areas of law. *See, e.g., Gall v. United States*, 552 U.S. 38, 50 (2007) (when exercising sentencing discretion, a district court "must adequately explain the chosen sentence to allow for meaningful appellate review"); *Wennik v. Polygram Grp. Distrib'n, Inc.*, 304 F.3d 123, 134 (1st Cir. 2002) (when exercising discretion in calculating an attorney's fee award, a district court "must provide a clear explanation of its reasons

Here, the district court's electronic, text-only order denying the MSP Plaintiffs' Motion to Reopen Action and Transfer Case is insufficient for meaningful appellate review. Pursuant to the district court's settlement order of dismissal, which provided that, "upon good cause shown," the MSP Plaintiffs may seek "to reopen the action . . . if settlement is not consummated," (Doc. 66 at 1), the MSP Plaintiffs exercised this right to request reopening, as the settlement agreement was not, in fact, consummated, (Doc. 72 at 3–4). Alternatively, the MSP Plaintiffs contended that CVC had breached the terms of the settlement agreement by withholding documents covered by the agreement and failing to resolve its deficient performance in good faith. (*See id.* at 4). Plus, the MSP Plaintiffs argued that, upon reopening, the case be transferred to the Southern District of Florida, where the action against UT was ongoing, now that CVC was represented by counsel. (*See id.* at 5).

---

for the fee award" "[t]o allow for meaningful appellate review" (cleaned up)); *United States v. Doe*, 513 F.2d 709, 712 (1st Cir. 1975) (when exercising discretion in denying a motion for a new criminal trial, the district judge "must spell out his findings with adequate specificity for meaningful appellate review" (internal quotation marks and citation omitted); *In re R & R Assocs. of Hampton*, 402 F.3d 257, 264 (1st Cir. 2005) (remand is appropriate where "bankruptcy court findings are too vague or incomplete to enable meaningful appellate review"); *Supermercados Econo, Inc. v. Integrand Assurance Co.*, 375 F.3d 1, 3 (1st Cir. 2004) (explaining that "when," after a bench trial, "the absence of any subsidiary findings of fact or conclusions of law renders it virtually impossible . . . to do anything but speculate as to the basis of the district court's ruling," appellate courts "are unable to engage in meaningful appellate review and must remand to the district court" (cleaned up)).

Rather than articulate a finding as to any of these three issues, the district court issued a two-sentence non sequitur: "This case appears to be a contract case. If any party claims jurisdiction in this court, they may file the proper complaint." (Doc. 73).[6] Not only does the district court's statement wholly ignore its own order providing for reopening, but it also fails to explain which of the alternate bases for reopening that it was rejecting or whether it was denying the motion for some other reason entirely. As such, there is no way for this Court to "glimpse the foundation on which [the district court's] rulings rest[s]." *Zhong H. Chen*, 815 F.3d at 82 (internal quotation marks and citation omitted). And no such foundation for the district court's denial of the unopposed motion can be inferred from the record. *See id*. As such, the district court's order would render any review by this Court quixotic, as it would require this Court to "substitute its own judgement" for that of the district court as to what basis it was denying the motion. *Cotter*, 219 F.3d at 34.

---

[6] To the extent that this statement could somehow be construed as a finding that the district court lacked jurisdiction to entertain the motion, this is contrary to well established caselaw. *See F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico*, 449 F.3d 185, 189–90 (1st Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–82 (1994)) ("The federal court has 'ancillary' jurisdiction to enforce only if 'the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal . . . .' Otherwise, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction,' . . . such as diversity of parties."). Here, the district court explicitly incorporated the existence of a valid settlement agreement in its settlement order of dismissal. (Doc. 66 at 1). Moreover, the MSP Plaintiffs alleged diversity jurisdiction in their complaint. (Doc. 1 at 6).

Thus, the district court's order denying the MSP Plaintiffs' Renewed Motion to Reopen Action and Transfer Case precludes meaningful appellate review. Accordingly, this Court should vacate the district court's order denying the MSP Plaintiffs' Renewed Motion to Reopen Action and Transfer Case and remand for further proceedings. *See Zhong H. Chen*, 815 F.3d at 82.

## II.   ALTERNATIVELY, THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING THE MSP PLAINTIFFS' RENEWED MOTION TO REOPEN ACTION AND TRANSFER CASE

Even if the district court's order was sufficient for meaningful appellate review, the district court abused its discretion in denying the MSP Plaintiffs' Renewed Motion to Reopen Action and Transfer Case. For one, the district court failed to consider in any way whether the MSP Plaintiffs had shown good cause to reopen, despite their contention that the settlement agreement was not consummated. Moreover, the district court failed to consider whether it should exercise its inherent authority to supervise and enforce the settlement agreement, despite the MSP Plaintiffs' alternative contention that CVC breached the settlement agreement.

"[A] trial court retains an inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court," and "[w]hether the court may summarily enforce such an agreement or should conduct an evidentiary hearing on the disputed issues depends upon the nature of the dispute." *Dankese v. Def. Logistics Agency*, 693 F.2d 13, 16 (1st Cir. 1982) (citations

omitted). "Thus, a party to a settlement agreement may seek to enforce the agreement's terms when the other party refuses to comply." *Fid. & Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008). However, "[a]s a general rule, a trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence or terms of that agreement. In such circumstances, the cases consentingly hold that the court instead must take evidence to resolve the contested issues of fact." *Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999).

"Void contracts or agreements are those . . . that are of no effect whatsoever; such as are a mere nullity, and incapable of confirmation or ratification." *Wilson v. HSBC Mortgage Servs., Inc.*, 744 F.3d 1, 9 (1st Cir. 2014). Under Florida law,[7] "[w]here there is fraudulent inducement of a contract, the fraudulent misrepresentation vitiates every part of the contract." *D & M Jupiter, Inc. v. Friedopfer*, 853 So.2d 485, 489 (Fla. Dist. Ct. App. 2003). Under Florida law, fraudulent inducement has four elements: "(1) a misrepresentation of a material fact;

---

[7] Plaintiffs-Appellants aver that, subject to a governing law provision, Florida law governs the confidential settlement agreement, though it is not contained in the record on appeal. Regardless, the elements for fraudulent inducement under Massachusetts law are largely identical. *See Katz v. Belveron Real Est. Partners, LLC*, 28 F.4th 300, 310 (1st Cir. 2022) (observing that, under Massachusetts law, the elements of fraudulent inducement are "(1) the statement was knowingly false, (2) defendants made the statement with the intent to deceive, (3) the statement was material, (4) plaintiff reasonably relied on the statement, and (5) plaintiff was injured as a result of its reliance." (citation and internal quotation marks omitted)).

14

(2) that the maker knew or should have known was false; (3) that the maker intended to induce another's reliance; and (4) that induced justifiable reliance by the other party." *Output, Inc. v. Danka Bus. Sys., Inc.*, 991 So.2d 941, 944 (Fla. Dist. Ct. App. 2008).

Here, the MSP Plaintiffs articulated two alternative reasons for the district court to act in the face of CVC's conduct. First, as instructed in the district court's settlement order of dismissal, the MSP Plaintiffs argued that they had shown good cause to reopen the action, as the settlement agreement was not, in fact, consummated. (Doc. 72 at 3–4). The MSP Plaintiffs specifically contended that CVC, through its CEO Greg Smiley, had misrepresented material facts, upon which the MSP Plaintiffs relied in reaching the settlement agreement, as to the disposition of CVC's assets that Smiley knew or should have known were false. (*See* Doc. 72 at 3–4); *Output, Inc.*, 991 So.2d at 944. In other words, the MSP Plaintiffs argued that the settlement agreement was void *ab initio* as it was fraudulently induced and therefore reopening was warranted. (*See* Doc. 72 at 3–4); *Wilson*, 744 F.3d at 9; *Friedopfer*, 853 So.2d at 489. And the MSP Plaintiffs requested that, upon reopening, the district court transfer the case now that CVC had obtained counsel, which CVC did not have when the district court granted UT's motion to transfer. (*See* Doc. 72 at 4–5). At this point, the district court should have reopened and

transferred this matter and permitted the MSP Plaintiffs to continue to litigate the underlying action against CVC.

Additionally, the MSP Plaintiffs argued that, even if the settlement agreement was valid, CVC's refusal to hand over documents subject to the terms of the settlement agreement constituted a breach. (Doc. 72 at 4). The MSP Plaintiffs were thereby implicitly requesting the district court to "enforce the agreement's terms when [CVC] refuse[d] to comply." *Fid. & Guar. Ins. Co.*, 541 F.3d at 5.

Instead of evaluating these issues, the district court merely observed that the case appeared to be a contract case, despite its own settlement order of dismissal and its "inherent power to supervise and enforce settlement agreements." *Dankese*, 693 F.2d at 16. Thus, the district court failed to consider in any way the "significant factor[s] in the decisional calculus" to reopen, *Negrón-Almeda*, 528 F.3d at 21–22, or otherwise to enforce the settlement agreement in the face of CVC's noncompliance, *Fid. & Guar. Ins. Co.*, 541 F.3d at 5. Alternatively, the district court abused its discretion when it failed to hold an evidentiary hearing if it viewed the MSP Plaintiff's unopposed assertions as "genuinely disputed question[s] of material fact regarding the existence or terms" of the settlement agreement. *Malave*, 170 F.3d at 220.

Thus, the district court abused its discretion as it failed to consider any way whether the MSP Plaintiffs had shown good cause for reopening under the terms of

16

its own settlement order of dismissal or, alternatively, whether CVC breached the settlement agreement. *See Negrón-Almeda*, 528 F.3d at 21–22. Accordingly, this Court should vacate the district court's order denying the MSP Plaintiffs' Renewed Motion to Reopen Action and Transfer Case and remand for further proceedings.

## III.   ALTERNATIVELY, THE DISTRICT COURT'S OCTOBER 17, 2022, ORDER WAS INSUFFICIENT FOR MEANINGFUL APPELLATE REVIEW OR, OTHERWISE, WAS AN ABUSE OF DISCRETION

Even if this Court determines the district court did not abuse its discretion in its June 21, 2022, order, the district court's October 17, 2022, order denying the MSP Plaintiffs' Motion for Clarification and a Motion for Relief under Rule 60(b) by itself is insufficient for meaningful appellate review.

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotation omitted). Clarification regarding language used in a court order is a permissible ground for such a motion. *Id*. Courts in this district have allowed motions for clarification "[i]n the interest of providing clarity . . . ." *Siemens Gamesa Renewable Energy A/S v. General Electric Co.*, No. 21-cv-10216-WGY, 2022 WL 1625001, at *9 (D. Mass 2022); see also *KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC*, 578 F. Supp. 3d 101, 105 (D. Mass. 2021). Rule 60 provides that a district court may provide relief from an order for reasons of "mistake, inadvertence,

surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A district court also has discretion to provide relief from an order for "any other reason that justifies relief." *Id*. 60(b)(6).

Here, despite the MSP Plaintiffs pointing out that the district court's June 21, 2022, order was inconsistent with its January 18, 2022, order, (*see* Doc. 74 at 5), and CVC's opposition, (*see* Doc. 75), the district court denied the motion without any explanation whatsoever, (*see* Doc. 76). The paucity of any explanation of why it was dismissing the motion for clarification and relief under Rule 60(b) renders the order even more inscrutable than the underlying June 21, 2022, order. *See Zhong H. Chen*, 815 F.3d at 82. Thus, the district court's order denying the MSP Plaintiff's Motion for Clarification and a Motion for Relief under Rule 60(b) is insufficient to enable this Court to engage in meaningful appellate review.

Alternatively, the district court's order was an abuse of discretion. The MSP Plaintiffs raised two bases for the district court to revisit its underlying order denying their Motion to Reopen Action and Transfer Case, which CVC opposed. (*See* Docs. 74, 75). These bases included whether relief was warranted under Rule 60(b), which expressly provides, among other things, for relief for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, the district court, in its October 17, 2022, order, failed to consider any factor in its denial. As such, the district court failed to consider in any

way the "significant factor[s] in the decisional calculus" to reopen, *Negrón-Almeda*, 528 F.3d at 21–22, and therefore was an abuse of discretion.

Thus, the district court's order denying the MSP Plaintiff's Motion for Clarification and a Motion for Relief under Rule 60(b) was insufficient for meaningful appellate review. Alternatively, the district court's order was an abuse of discretion, as it failed to consider any factor, including those raised by the MSP Plaintiffs and CVC, whatsoever in its denial. Accordingly, even if this Court determines that district court did not abuse its discretion in its June 21, 2022, order, this Court should vacate the district court's order denying the MSP Plaintiffs' Motion for Clarification and a Motion for Relief under Rule 60(b) and remand for further proceedings.

## CONCLUSION

In light of the foregoing, this Court should vacate the district court's order denying the MSP Plaintiffs' Renewed Motion to Reopen Action and Transfer Case and remand for further proceedings. Alternatively, this Court should vacate the district court's order denying the MSP Plaintiffs' Motion for Clarification and a Motion for Relief under Rule 60(b) and remand for further proceedings.

Respectfully submitted by,

*/s/Hayden E. Pendergrass*
Hayden E. Pendergrass
AKEEL & VALENTINE, PLC
888 West Big Beaver Road, Ste. 420

Troy, Michigan 48084-4736
(248) 269-9595
hayden@akeelvalentine.com

Aida M. Landa
John Cleary
MSP RECOVERY LAW FIRM
2701 S. LeJeune Rd., 10th Floor
Coral Gables, Florida 33134
(305) 614-2222
alanda@msprecoverylawfirm.com
jcleary@msprecoverylawfirm.com

Dated: January 23, 2023                  *Counsel for Plaintiffs-Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This document complies with the world limit of Fed. R. App. P. 31(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,852 words.

2.     This document complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Times New Roman font in 14-point size.

*/s/Hayden E. Pendergrass*
Hayden E. Pendergrass

Dated: January 23, 2023                    *Counsel for Plaintiffs-Appellants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2023, the foregoing document was filed electronically with this Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record indicated on the electronic filing receipt.

<u>/s/Hayden E. Pendergrass</u>
Hayden E. Pendergrass

Dated: January 23, 2023                    *Counsel for Plaintiffs-Appellants*

# **ADDENDUM**

June 21, 2022, Order..........................................................................Add. 1

October 17, 2022, Order ...................................................................Add. 1

| 06/21/2022 | 73 | Judge William G. Young: ELECTRONIC ORDER entered denying 72 Motion to Reopen Case and Transfer Case by MSP Recovery Claims, Series LLC. **Motion denied. This case appears to be a contract case. If any party claims jurisdiction in this court, they may file the proper complaint.** (Gaudet, Jennifer) (Entered: 06/21/2022) |
|---|---|---|

| 10/17/2022 | 76 | Judge William G. Young: ELECTRONIC ORDER entered denying 74 MOTION for Clarification re 73 Order on Motion to Reopen Case; denying 74 Motion for Relief Under Rule 60(b) filed by MSPA CLAIMS I, LLC, SERIES PMPI, MSP Recovery Claims, Series LLC. (Gaudet, Jennifer) (Entered: 10/17/2022) |
|---|---|---|